**Robert PETERSON, Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, Appellee.**

**No. 01–98–000763–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 12, 1999.

Alton C. Todd, The Law Firm of Alton C. Todd, Alvin, for Appellant.

John B. Wallace, Giessel, Barker & Lyman, P.C., Houston, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and WILSON.

## OPINION

O'CONNOR, Justice.

This is an appeal from summary judgment in a worker's compensation case. Robert Peterson, the appellant here and defendant below, appeals summary judgment granted in favor of Continental Casualty Company (Continental), appellee here and plaintiff below. We affirm in part, and reverse and remand to the trial court for further proceedings.

### Background

In late March 1995, Peterson was fired by CNA Financial Corporation (CNA), from his job as an insurance adjuster. After he was fired, he made a claim for worker's compensation benefits under the Worker's Compensation Insurance Coverage Act (the Act). Peterson claimed he injured his back when he bent over from his chair to pick up a stack of papers less than three inches thick from the floor. The incident, which occurred on March 15, 1995, was not witnessed and was not reported until after Peterson was fired. Peterson did not miss any time from work because of this incident.

Continental, CNA's insurance carrier, disputed the claim because of Peterson's medical and claims history. Without the benefit of testimony from either Peterson or Dr. Benson, Peterson's chiropractor, the Worker's Compensation Commission (WCC) hearing officer found that Peterson had suffered a compensable injury, but not a disability.[1] The Appeals Panel affirmed the hearing officer's decision.

Peterson and Continental each filed an appeal of the WCC decision in district court.[2] Peterson appealed the

---

1. Injury is defined as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." Tex. Lab.Code § 401.011(26). Disability is defined as "the inability because of a compensable injury to obtain and retain employment wages equivalent to the preinjury wage." Tex. Lab.Code § 401.011(16).

2. When an appeals panel decision is appealed to the trial court, the trial court reviews it under a modified de novo standard. *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 530 (Tex.1995). The proceeding is de novo because new evidence (other than what the hearing officer was presented with) is admissible at trial. *Id.* The party appealing a particular issue from the WCC has the burden of proof on that issue. Tex. Lab.Code § 410.303.

finding that he did not have a disability; Continental appealed the finding that Peterson sustained a compensable injury. The trial court consolidated the two cases. This appeal is from the consolidated case in which Continental was named as the plaintiff, and Peterson as the defendant.

Continental moved for summary judgment on the grounds that Peterson did not suffer a compensable injury or a disability as a matter of law. The trial court granted the motion. On appeal, Peterson only challenges the trial court's conclusion that he did not suffer a compensable injury. Therefore, we do not review the trial court's conclusion that Peterson did not suffer a disability.

## Standard of Review

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). When the plaintiff moves for summary judgment on its own cause of action, the plaintiff must prove it is entitled to summary judgment as a matter of law on each element of its cause of action. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action, or if the defendant establishes each element of an affirmative defense as a matter of law. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412. Once the movant has established a right to summary judgment, the burden shifts to the nonmovant. *Marchal*, 859 S.W.2d at 412. The nonmovant must respond and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Marchal*, 859 S.W.2d at 412.

In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412. We will assume all the evidence favorable to the nonmovant is true. *Johnson*, 891 S.W.2d at 644; *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 619 (Tex.App.— Houston [1st Dist.] 1993, writ denied). On appeal, we cannot consider any ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1995, no writ). We will affirm the summary judgment if any of the theories advanced in the motion for summary judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 411 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

## Analysis

■ The issue on appeal is whether Continental established as a matter of law that Peterson did not suffer a compensable injury. We hold it did not.

■ The Act defines a compensable injury as "damage or harm to the physical structure of the body." Tex. Lab.Code § 401.011(26). As a matter of law, pain alone cannot be considered damage to the body. *Saldana v. Houston Gen. Ins.*, 610 S.W.2d 807, 811 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). However, the aggravation of a preexisting condition is a compensable injury for purposes of the Act. *Cooper v. St. Paul Fire & Marine Ins. Co.*, 985 S.W.2d 614, 616–18 (Tex.App.—Amarillo 1999, no pet.); *Service Lloyds Ins. Co. v. Martin*, 855 S.W.2d 816, 820 (Tex.App.—Dallas 1993, no writ).

Continental argues that the summary judgment evidence showed Peterson merely suffered from pain and the recurring of symptoms of his preexisting, chronic injury, which is not compensable. Peterson

argues he presented summary judgment evidence raising a genuine issue of material fact concerning whether he was merely experiencing pain, as Continental argues, or whether he suffered a new injury by aggravating his preexisting injury. We agree with Peterson.

Continental presented the trial court with evidence showing Peterson's claims and medical history, which includes two back surgeries. In 1988, Peterson had a double-level fusion of his lower back, and in 1993, he had a triple-level fusion of his lower back. Peterson's claims history includes at least five worker's compensation claims relating to his back. In each of these claims, Peterson made a claim for disability and indemnity benefits. He sought medical care for all of these claims. Peterson conceded that his claims for benefits are for overlapping and simultaneous periods of time.

In a 1997 deposition, Dr. Benson said the March 15, 1995 incident did not result in a new injury for Peterson, but that it simply raised the level of Peterson's discomfort. The condition of Peterson's spine was so bad that later incidents did not cause any further disability. He explained Peterson's condition by saying Peterson experiences good days and bad days depending on his activity levels. Dr. Benson testified about Peterson's back problems before the 1990 car accident and the effect of the accident on Peterson. He said Peterson received regular treatment for the 1990 back injury on March 15, 1995, and he continued to receive the same treatment after that date. Peterson saw Dr.

Benson twice between March 15 and March 24 without mentioning a new injury on March 15. At the time of the deposition, Dr. Benson said he was seeing Peterson seven to eight times per month for treatment related to the 1990 car accident. Dr. Benson anticipated continuing future treatment for a chronic, permanent injury related to the car accident.

█ Peterson responded with evidence raising a fact issue as to whether he suffered a compensable injury, specifically Dr. Benson's testimony in which he said Peterson suffered an "exacerbation or a flare-up." Peterson argues this is evidence of aggravation to his preexisting condition. Peterson also offered his own testimony that he suffered a new injury when he bent down to pick up the papers. He felt something pop in his back.[3] Assuming Peterson's evidence to be true, and resolving reasonable inferences in his favor, we find he raised a fact issue as to whether he suffered a new, compensable injury.[4]

We sustain Peterson's sole point of error.

We reverse the trial court's judgment as to its conclusion that Peterson did not suffer a new injury as a matter of law and remand for further proceedings. We affirm that portion of the judgment ruling that Peterson did not have a disability.

---

3. Continental argues the question of whether Peterson suffered a compensable new injury can only be established by a medical expert, and therefore Peterson's lay opinion testimony is insufficient as evidence to raise a fact issue. We disagree, because Peterson's lay opinion testimony may be sufficient to establish that Peterson suffered a new injury. *See National Farmers Union Property and Cas. Co. v. Degollado*, 844 S.W.2d 892, 897 (Tex. App.—Austin 1992, writ denied) (stating competent lay opinion testimony may be sufficient to establish the extent of incapacity or disability).

4. As additional evidence that creates a fact issue, Peterson offered the WCC appeals panel decision that held he suffered a new injury. Peterson claims the WCC appeals panel decision is evidence because section 410.304(a) of the Labor Code requires the jury to be informed of the decision. Continental argues that this is not evidence. We do not decide the evidentiary value of the appeals panel decision because we find the other evidence Peterson presented was sufficient to raise a fact issue.