**CITY OF PASADENA, Appellant,**

v.

**Guadalupe OLVERA, Appellee.**

**Guadalupe Olvera, Appellant,**

v.

**City of Pasadena, Appellee.**

**No. 01–01–00243–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 27, 2002.

Neal David Kieval, Phillips & Akers, P.C., Houston, for Appellant.

Monica Lynelle Herrera, Adley & Barnes, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES and DUGGAN.*

## OPINION

EVELYN V. KEYES, Justice.

In this workers' compensation case, a jury found that Guadalupe Olvera sustained a compensable injury while working for the City of Pasadena and that he gave the City timely notice of the injury. The jury, however, found that Olvera did not have disability from the injury. Both the City and Olvera appeal the trial court's decision to deny their motions for judgment notwithstanding the verdict (JNOV), and the City also appeals the trial court's denial of its motion for new trial. We affirm.

### Background

Olvera was a laborer for the City's water department. On November 17, 1997, Olvera and co-workers Jose Cubarubias and Jesse Rodriguez were repairing a break in a water line when Olvera slipped on the muddy sidewalk. Rodriguez, Olvera's foreman, testified that Olvera said he was "okay" and continued to work without noticeable problems.

Olvera testified that he reported the fall and resulting injury that same day to safetyman Benito Hernandez. Hernandez testified, however, that Olvera simply came to him and told him that his legs were hurting.[1] Olvera never told Hernandez that he had been injured on the job. Olvera continued working until January 1998, when he sought treatment for his injuries. He ultimately underwent back surgery on March 12, 1998, which resulted in "resolving paraplegia" from the waist down.

On February 26, 1998, Olvera filed a claim with the Texas Workers' Compensation Commission in an attempt to recover benefits for his injury. After a contested hearing, the Commission determined that Olvera: (1) sustained an injury in the course of his employment; (2) gave timely notice of his injury to the City;[2] and (3) had a disability from January 5, 1998 through October 14, 1998.

The City appealed the findings of the Commission to the County Civil Court at Law No. 2. A jury returned a verdict in favor of Olvera on the issues of the compensable injury and notice. The jury, however, found that Olvera had not suffered a disability from the injury. Both parties filed motions for JNOV, which were denied. The City also filed a motion for new trial, but it, too, was denied.

### City's Appeal

The City raises two points of error.

### Compensable Injury

In its first issue, the City argues (1) that the trial court erred in denying its motion for JNOV because there is legally insufficient evidence to support the jury's finding that Olvera sustained a compensable injury on or about November 17, 1997, and, (2) in the alternative, that the trial court erred in denying the City's motion for new trial because the jury's finding of compensable injury is against the great weight and preponderance of the evidence.

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Hernandez testified that he believed Olvera's legs were hurting because he is a diabetic.

2. See TEX. LAB.CODE ANN. § 409.001 (Vernon 1996) (requiring an employee to notify employer of an injury not later than the 30th day after the date on which (1) the injury occurred or (2) the employee knew or should have known that the injury was job related).

## Standard of Review

### Motion for JNOV

A judgment notwithstanding the verdict is proper when a directed verdict would have been proper. TEX.R. CIV. P. 301; *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex.1991). A motion for JNOV should be granted when (1) the evidence is conclusive and one party is entitled to recover as a matter of law or (2) a legal principle precludes recovery. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 173 (Tex. App.-Houston [1st Dist.] 1992, writ denied). We review the denial of the City's motion under the legal sufficiency standard. *See Brown v. Bank of Galveston*, 963 S.W.2d 511, 513 (Tex.1998); *CDB Software, Inc. v. Kroll*, 992 S.W.2d 31, 35 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

In reviewing a legal sufficiency challenge, we must view the evidence in a light which tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex.1992). If more than a scintilla of evidence exists, the evidence is legally sufficient. *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex.1993). To rise above a scintilla, the evidence offered to prove a vital fact must do more than create a mere surmise or suspicion of its existence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). In determining legal sufficiency, we consider whether the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994).

### Motion for New Trial

In its motion for new trial, the City argued that the evidence was factually insufficient to support a compensable injury finding. In a factual sufficiency challenge, we consider and weigh all of the evidence. *Lofton v. Tex. Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986). We set aside a jury finding only if the evidence is so weak, or the finding so against the great weight and preponderance of the evidence, that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Because the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we may not substitute our opinion for that of the trier of fact simply because we disagree with the jury's findings. *See Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988).

### Definition

█ Only injuries occurring in the course and scope of employment are compensable. *See Payne v. Galen Hosp.*, 28 S.W.3d 15, 18 (Tex.2000). An "injury" is defined as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX. LAB.CODE ANN. § 401.011(26) (Vernon Supp.2002). This definition includes aggravation of a pre-existing condition. *See Peterson v. Cont'l Cas. Co.*, 997 S.W.2d 893, 895 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

The jury was asked the following:

Did [Olvera] sustain a compensable injury on or about November 17, 1997?

**You are instructed that the Texas Workers' Compensation Commission found that [Olvera] sustained a compensable injury to his back on or about November 17, 1997.**[3]

---

**3.** The Texas Workers' Compensation Act provides that the trial court shall instruct the jury of the commission appeals panel's decision on each disputed issue. TEX. LAB.CODE ANN. § 410.304 (Vernon 1996).

"**Compensable injury**" means an injury that arises out of and in the course and scope of employment.

"**Course and scope of employment**" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs of business of the employer. The term includes an activity conducted on the premises of the employer or at other locations.

"**Injury**" means damage or harm to the physical structure of the body and/or a disease or infection naturally resulting from the damage or harm. Injury also includes an aggravation of a prior injury if the aggravation occurs in the course and scope of employment.

Answer "Yes" or "No": (Yes)

**Analysis**

▆▆▆ Because the City appealed the appeals panel's findings, it had the burden to prove by a preponderance of the evidence that Olvera did not suffer a compensable injury on November 17, 1997. *See* TEX. LAB.CODE ANN. § 410.303.

The City conceded that Olvera fell while in the course and scope of his employment; therefore, it had the burden to prove that Olvera *did not* damage or harm the physical structure of his body or aggravate a pre-existing condition when he fell. *See* TEX. LAB.CODE ANN. § 401.011(26); *Peterson*, 997 S.W.2d at 895.

Olvera testified that he told Hernandez, the safetyman, the day of the fall that his legs were hurting. Dr. Martin Barrash, a neurosurgeon, examined Olvera and determined that he had spinal stenosis, a degenerative narrowing of the spinal canal. He further testified that it was possible that the fall aggravated Olvera's pre-existing

condition. Viewing the evidence in a light which tends to support the finding of the disputed fact and disregarding all evidence and inferences to the contrary, we find there was more than a scintilla of evidence to support the jury's finding of compensable injury. *Reyna*, 865 S.W.2d at 928; *Weirich*, 833 S.W.2d at 945.

The City argues that Olvera was required to present expert testimony establishing a "causal connection between Mr. Olvera's employment and his alleged injury based on reasonable medical probability." We disagree. The City conceded that Olvera fell while he was working; and Rodriguez, Olvera's foreman, testified that he saw Olvera fall. Therefore, the City had to prove that Olvera did not injure himself *when he fell*. This proof does not require expert testimony. *See Peterson*, 997 S.W.2d at 896 n. 3 (plaintiff's lay opinion testimony may be sufficient to establish that he suffered a new injury.)

The City asserts that, because Olvera's fall did not cause and most likely did not aggravate his spinal stenosis, Olvera did not suffer a compensable injury. This is simply not the test. The test is whether the city proved that Olvera did not damage or harm the physical structure of his body or aggravate a pre-existing condition. TEX. LAB.CODE ANN. § 401.011(26).

Hernandez testified that, when Olvera came into his office the day of the fall, Hernandez told him "he needed to tell Mike (Bernal, the supervisor) so Mike would know what time the injury occurred, if it was an injury." Hernandez further testified that Olvera "wanted me to keep a—a copy—write down that he had hurt himself, that his leg was hurting." At trial, Olvera was asked when he had spoken with Hernandez. Olvera responded, "the same day that I got hurt." He testi-

fied he told Hernandez "that I hurt myself."

The City argues that Dr. Barrash's uncontroverted testimony establishes that Olvera's spinal stenosis would have required surgery even if he had not fallen; Olvera's spinal stenosis could not have been asymptomatic (symptom-free) and then turned into typical spinal stenosis as a result of the fall; and, finally, Olvera could not have gotten spinal stenosis from the fall. Barrash testified that he did not believe the fall aggravated the existing spinal stenosis, despite Olvera's testimony that he had no symptoms before the fall and that he had back and leg pain after the fall.

Because the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we may not substitute our opinion for that of the trier of fact simply because we disagree with the jury's findings. *See Herbert,* 754 S.W.2d at 144. After viewing all of the evidence, we find the jury's finding that Olvera suffered a compensable injury is not so weak or so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Cain,* 709 S.W.2d at 176.

We overrule the City's first issue.

**Notice**

■ In its second issue, the City argues that the trial court erred in denying its motion for new trial because the jury's finding that the City received notice of Olvera's alleged injury within 30 days of the injury is against the great weight and preponderance of the evidence.

To receive workers' compensation benefits, an employee must notify his employer of a work-related injury no later than 30 days after the date on which the injury occurs. TEX. LAB.CODE ANN. § 409.001(a)(1) (Vernon 1996). The injured employee may give notice to the employer or to an employee of the employer who holds a supervisory or management position. TEX. LAB.CODE ANN. § 409.001 (Vernon 1996). Not giving notice as required by section 409.001 relieves the employer and its insurance carrier of workers' compensability liability, unless the employer or a supervisor had actual knowledge of the employee's injury, good cause existed for the failure to provide timely notice, or the employer does not contest the claim. TEX. LAB.CODE ANN. § 409.002 (Vernon 1996). Here, "good cause" was never an issue, and the City contested the claim; therefore, the only question before the Court is whether the City had the requisite notice or knowledge of Olvera's injury.[4]

The jury was asked the following:

Did the employer receive notice of [Olvera's] injury within 30 days of said injury?

**You are instructed that the Texas Workers' Compensation Commission found that [Olvera] gave timely notice of his injury to his employer, within 30 days of said injury.**

You are instructed that the burden of proof is on [the City] to show it did not receive notice of [Olvera's] injury within 30 days of said injury.

"Notice of injury" means notice to the employer or any employee of the employer who holds a supervisory or management position. An employer receives notice of injury by (1) having actual knowledge of the injury; or (2) by notification to the employer from the injured

---

4. Because the City appealed the appeals panel's finding, it had the burden to prove, by a preponderance of the evidence, that Olvera did not give the City notice of the injury within 30 days. *See* TEX. LAB.CODE ANN. § 410.303 (Vernon 1996).

employee or someone acting on the injured employees (sic) behalf.

Answer "Yes" or "No": (Yes)

The City argues that only Olvera's "self-serving" testimony supports the jury's finding. Olvera contends that the City had actual notice because Rodriguez, Olvera's foreman, saw him fall. Additionally, the City was timely notified of the injury when Olvera contacted Hernandez, the safetyman, Nancy Cunningham, the assistant personnel director, and Jay Goyer, the safety coordinator. However, Rodriguez testified that, immediately after he fell, Olvera said he was "okay" and continued to work without interruption. Hernandez testified Olvera came to him complaining about pain in his legs, but Hernandez assumed the pain was caused by Olvera's diabetes and not by an on-the-job injury. Cunningham and Goyer testified that, when they met with him the day after the fall, Olvera never mentioned an on-the-job injury.

Despite these obvious contradictions in the testimony, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Herbert*, 754 S.W.2d at 144. As the City acknowledged in its brief, " 'great weight' points rarely serve as grounds for appellate reversal." We cannot substitute our judgment for that of the jury's simply because we disagree with the jury's findings. *See id.* We find the jury's finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust. See *Cain*, 709 S.W.2d at 176. We overrule the City's second issue.

### Olvera's Appeal

■■ In his sole point of error, Olvera argues that the trial court erred in deny-

ing his motion for JNOV because there was no evidence to establish that he did not sustain disability as a result of his compensable November 17, 1997 injury.

When, as here, the party without the burden of proof challenges the legal sufficiency of the evidence, we will sustain the challenge only if, considering the evidence and inferences in the light most favorable to the finding, there is not more than a scintilla of evidence supporting the evidence. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995).

Because the City appealed the appeals panel's finding, it had the burden to prove, by a preponderance of the evidence, that Olvera did not sustain disability from the injury sustained on November 17, 1997. *See* TEX. LAB.CODE ANN. § 410.303. The jury was asked the following:

Did [Olvera] have disability from the injury sustained on or about November 17, 1997?

**You are instructed that the Texas Workers' Compensation Commission found that [Olvera] had disability from January 5, 1998 through October 14, 1998 arising from said injury.**[5]

You are instructed that the burden of proof is on [the City] to show that [Olvera] did not have disability from the injury sustained on or about November 17, 1997.

**"Disability"** means the inability because of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage.

Answer "Yes" or "No": (No)

Olvera argues that "Dr. Barrash's testimony clearly evidenced that Mr. Olvera

---

**5.** Olvera exhausted his sick leave and vacation time before he attempted to claim disabil-

ity compensation.

was paralyzed following his operation and was continuing to suffer from the effects of paraplegia" years later when Barrash examined him. Therefore, Olvera was disabled as a result of his compensable back injury. We disagree.

 Dr. Martin Barrash was the only expert who testified. Expert testimony is required in certain narrow circumstances when the fact finder lacks the ability from common knowledge to find causation, such as where a claimant alleges that employment caused or aggravated a disease or that an injury or disability to a specific part of the body caused damage or infirmity to other unrelated portions of the body. *Hernandez v. Tex. Employers Ins. Ass'n,* 783 S.W.2d 250, 252–53 (Tex.App.-Corpus Christi 1989, no writ); *Houston Indep. Sch. Dist. v. Harrison,* 744 S.W.2d 298, 300 (Tex.App.-Houston [1st Dist.] 1987, no writ).

Dr. Barrash testified that Olvera suffered from thoracic spinal stenosis. Barrash testified that Olvera underwent back surgery to address his spinal stenosis and that his stenosis was unrelated to the injury he sustained when he slipped on the muddy sidewalk. Barrash further testified that Olvera was disabled as a result of a pre-existing degenerative back condition wholly unrelated to his employment. Finally, Barrash testified that Olvera would have required surgery regardless of the incident on November 17, 1997.

Considering the evidence and inferences in the light most favorable to the finding, we find that more than a scintilla of evidence supported the jury's finding that Olvera did not have a disability from the injury sustained on November 17, 1997. *See Crye,* 907 S.W.2d at 499; *Eberle v. Adams,* 73 S.W.3d 322, 327 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

**Conclusion**

We affirm the judgment.