**Margaret Katherine MARTS, on Behalf of Charles A. MARTS, Deceased, Appellant,**

v.

**TRANSPORTATION INSURANCE COMPANY, Appellee.**

No. 2–02–284–CV.

Court of Appeals of Texas, Fort Worth.

June 19, 2003.

Mark Alvarado, Dean A. Schaffer, Austin, for appellant.

Gwinn & Roby, Jackie Robinson, Brian Brandstetter, Robert N. McGehee, Jr., Fort Worth, for appellee.

Panel A: CAYCE, C.J., LIVINGSTON and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal from the trial court's summary judgment in favor of appellee Transportation Insurance Company (TIC). In four points appellant Margaret Katherine Marts, on behalf of Charles A. Marts, deceased (Katherine), contends that the trial court erred in granting summary judgment and in sustaining special exceptions striking portions of her pleadings. We affirm.

### BACKGROUND FACTS

At the time of his death on July 3, 1991, Charles Marts (Charles) was employed as a night burner at Acme Brick. Charles had last worked on June 30, 1991. His cause of death was listed as "cardiopulmonary arrest due to respiratory failure due to severe refractory bronchospasm due to asthma." Katherine and the Marts's children subsequently claimed workers' com-

pensation benefits for Charles's death, contending that he died of a compensable occupational disease because the asthma attack that caused his death was "exacerbated or triggered by exposure to chemicals in the air where he worked."

A contested case hearing was held in March 1998, and the hearing officer determined that Charles did not die of a compensable occupational disease. Katherine and the children appealed the hearing officer's decision to the Texas Workers' Compensation Commission (TWCC) Appeals Panel, which affirmed the hearing officer's decision. On October 20, 1998, Katherine filed a suit for judicial review of the Appeals Panel's decision in the 43rd District Court of Parker County. See TEX. LAB. CODE ANN. §§ 410.251, 410.301 (Vernon 1996).

On February 22, 2002, TIC filed a motion for summary judgment, contending that Katherine had "failed to produce even a scintilla of evidence supporting her position" that Charles's fatal asthma attack was caused by workplace emissions because she had produced no expert medical testimony on causation. Katherine responded by claiming that TIC had not proven as a matter of law that it was entitled to judgment, that the basis of the Appeals Panel's and hearing officer's decisions were the results of toxicology tests that Katherine's expert had not yet had the opportunity to review, and that fact questions existed because her experts had not yet addressed the toxicology testing results.

On February 25, 2002, Katherine filed a first amended petition, adding claims for bad faith and violation of article 21.21. TEX. INS.CODE ANN. art. 21.21 (Vernon 1981 & Supp.2003). TIC filed special exceptions to the first amended petition on March 4, 2002, alleging that the bad faith and article 21.21 claims were not properly before the court. See TEX. LAB.CODE ANN. § 410.302 (limiting trial under section 410.301 to issues decided by the Appeals Panel and on which judicial review is sought). On April 2, 2002, the trial court signed an order granting the special exceptions and striking the portion of the pleadings alleging the bad faith and article 21.21 claims. On May 30, 2002, the trial court signed an order granting TIC summary judgment.

## ANALYSIS

■ In her first three points, Katherine contends that summary judgment is improper. As a threshold issue, we must determine the nature of the complained-of summary judgment. While the motion is titled "Defendant Transportation Insurance Company's Motion for Summary Judgment," the sole ground for the motion is that TIC is entitled to judgment as a matter of law because Katherine produced no evidence that workplace emissions were a cause of Charles's death. Accordingly, we construe TIC's motion as a "no-evidence" summary judgment motion. See TEX.R. CIV. P. 166a(i); Welch v. Coca–Cola Enters., 36 S.W.3d 532, 536 (Tex.App.-Tyler 2000, pet. dism'd by agr.) ("Rule 166a(i) does not prescribe a particular form, style or outline for a no evidence motion and does not require that a motion state that it is brought under [that rule]. Nevertheless, we agree that it would be good practice to specifically state, in the caption or elsewhere, that it is brought under [rule 166a(i) ], if that is intended."); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 194–95 (Tex.App.-Amarillo 1999, pet. denied) (holding same); but see Michael v. Dyke, 41 S.W.3d 746, 750 (Tex.App.-Corpus Christi 2001, no pet.) ("[W]here a summary judgment motion does not unambiguously state that it is filed under rule 166a(i) ..., it will be construed as a traditional summary judgment motion.").

### Standard of Review

■ After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX.R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex.2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX.R. CIV. P. 166a(i); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002).

■ A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment that we apply in reviewing a directed verdict. *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex.App.-Fort Worth 1999, pet. denied). We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. *Johnson*, 73 S.W.3d at 208; *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex.2000). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied).

### Propriety of Summary Judgment

■ Only injuries occurring in the course and scope of employment are compensable. *See Payne v. Galen Hosp.Corp.*, 28 S.W.3d 15, 18 (Tex.2000); *City of Pasa-*

*dena v. Olvera*, 95 S.W.3d 494, 497 (Tex. App.-Houston [1st Dist.] 2002, no pet.). The definition of injury includes aggravation of a pre-existing condition. *See* TEX. LAB.CODE ANN. § 401.011(26) (Vernon Supp.2003); *Olvera*, 95 S.W.3d at 497; *Peterson v. Cont'l Cas. Co.*, 997 S.W.2d 893, 895 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The injury need not be the primary producing cause of the injury so long as it is one of the producing causes. *Flores v. Employees Ret. Sys. of Tex.*, 74 S.W.3d 532, 549 (Tex.App.-Austin 2002, pet. denied); *INA of Tex. v. Howeth*, 755 S.W.2d 534, 537 (Tex.App.-Houston [1st Dist.] 1988, no writ).

■ Here, Katherine contends that the following statement in the hearing officer's decision provides more than a scintilla of evidence that workplace emissions were a cause of Charles's death: "Dr. Booker, a toxicologist, was called to testify for Claimants. He concludes that the cause of death was acute asthma which was exacerbated by workplace chemicals. The major concern was emissions of sulphur dioxide ($SO_2$) in the workplace (a byproduct of combustion)." TIC contends that expert medical testimony is required to establish that workplace emissions were a cause of Charles's fatal asthma attack and that Dr. Booker is not qualified to give such testimony because he is not a medical doctor.[1] *See* TEX.R. EVID. 702.

■ Expert medical testimony is necessary to prove the cause of asthma. *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Hernandez v. Tex. Employers Ins. Assoc.*, 783 S.W.2d 250, 253 (Tex.App.-Corpus Christi 1989, no writ). It is also required to prove that employment aggravated a pre-existing disease, such as asth-

---

1. Dr. Booker has a Ph.D. in analytical chem-   istry. He has never attended medical school.

ma. *See Hernandez*, 783 S.W.2d at 253[2]; *Houston Gen. Ins. Co. v. Pegues*, 514 S.W.2d 492, 495 (Tex.Civ.App.-Texarkana 1974, writ ref'd n.r.e.).

█ Nonphysicians may qualify as medical experts by virtue of special experience. *E.g., Ponder v. Texarkana Mem'l Hosp., Inc.*, 840 S.W.2d 476, 478 (Tex. App.-Houston [14th Dist.] 1991, writ denied); *see also Harris County Hosp. Dist. v. Estrada*, 872 S.W.2d 759, 762 (Tex. App.-Houston [1st Dist.] 1993, writ denied) (holding that nurse who is "familiar with the standard of care at another similar hospital, can qualify by experience to testify as a medical expert in a medical malpractice action"). However, in her response to the motion for summary judgment, Katherine admitted that TIC is "correct in [its] assertion that Dr. Booker ... is not qualified to render an expert medical opinion." In addition, the hearing officer noted in her opinion that Dr. Booker "agreed that he did not have the qualifications to give a medical opinion." Therefore, we cannot consider Dr. Booker's testimony on causation as competent summary judgment evidence. *See* TEX.R. EVID. 702; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711–12 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).

Katherine also contends that Dr. Booker was not the only expert and that testimony from other experts, in particular Dr. Juan Zamora, provides more than a scintilla of evidence of causation. A Report of Independent Medical Examination by Dr. Zamora is included in the summary judgment record. In it, Dr. Zamora describes asthma and discusses the various stimuli that can exacerbate asthma. In discussing the diagnosis of occupational asthma, Dr. Zamora writes:

> The diagnosis of occupational asthma is based on a very careful occupational history particularly of the relationship between work, days off, holidays and symptoms. This must be associated with ... information about a potential allergen in the work place. The ... organs to show early signs of sensitization are the skin, the eyes and the nose before there is clinical asthma. With occupational exposures, the patients give a characteristic cyclic history. They are well when they arrive at work; symptoms developed towards the end of the shift, progress after leaving the work site and then regress. Absence from work during weekends or vacation periods brings about a remission. Frequently, there are similar symptoms in fellow employees.

Dr. Zamora concluded that "[t]he allergens, if any, in this particular bout of asthmatiform attack should be primarily ... looked for at home provided it was the

---

**2.** Appellant contends that because *Hernandez* was decided under the de novo standard of review applicable to pre–1991 workers' compensation cases, rather than the modified de novo standard currently mandated, it is no longer applicable. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 512–13, 515 (Tex.1995) (discussing standard of judicial review of administrative decisions in workers' compensation cases under former system and new Workers' Compensation Act, which became effective January 1, 1991). However, the review is described as "modified" because in determining an impairment rating, the fact finder must adopt the specific rating of one of the physicians in the case, and evidence of impairment is limited to that which was presented before the TWCC unless the court makes a threshold finding that the claimant's condition has substantially changed. *See* TEX. LAB.CODE ANN. §§ 410.306– .307; *Garcia*, 893 S.W.2d at 515. Thus, this "modified" standard of review does not exempt a party appealing an Appeals Panel decision from proving causation (or the lack of causation if the TWCC finds a compensable injury).

place this man spent the last two days [of his life].... Based on the documentation reviewed, the probability of a work-related death is not considered." Thus, contrary to Katherine's contentions in her brief, Dr. Zamora's statements and conclusions in his report do not constitute expert medical evidence of causation. Rather than concluding that Charles's workplace was a producing cause of his death, Dr. Zamora concludes that it was not.

Katherine claims that other experts testifying at the hearing provided evidence of causation; however, that evidence is not before us. The only summary judgment record provided consists of the hearing officer's decision, the Appeals Panel's decision, various excerpts from Dr. Booker's deposition testimony, and Dr. Zamora's report.

Katherine further contends that a statement in the Appeals Panel decision that "[t]here is ample evidence to support other likely scenarios leading to the death" precludes the granting of a no-evidence summary judgment even though the Appeals Panel affirmed the hearing officer's take-nothing decision. This sentence is taken out of context. The full text of the excerpt from the decision is as follows:

> In this case, the hearing officer had to weigh the events of the day and night of the deceased's asthma attack and death, the passage of time between work and the death, the OSHA testing showing SO$_2$ levels well below their cut off limits, the activities around the plant where the deceased worked, the testimony of the doctor who performed the autopsy, the testimony of the toxicologist, their comparative expertise, and the materials and tests both relied on, to evaluate whether it was more likely than not (a preponderance of the evidence) that a workplace emission exposure of unknown extent and duration led to no sooner than three days later, an acute bronchospasm attack. *She evidently considered it far more persuasive that the acute attack was precipitated by factors more proximate in time to the attack than something that occurred at the kilns. There is ample evidence to support other likely scenarios leading to the death.* [Emphasis added.]

When viewed in context, the "other likely scenarios" appear to refer to causes other than workplace emissions. Accordingly, this sentence in the Appeals Panel decision, even when viewed in the light most favorable to Katherine, does not meet Katherine's burden of production in the face of a no-evidence summary judgment.

After reviewing the summary judgment record, we find no evidence from a qualified medical expert that workplace emissions were a producing cause of Charles's fatal asthma attack. If the trial court is barred by rules of law or evidence from giving weight to the only evidence offered to prove an essential element of the adverse party's claim or defense, in this case Dr. Booker's testimony, the trial court should grant summary judgment. *See Havner*, 953 S.W.2d at 711; W. Wendell Hall, *Standards of Review in Texas*, 34 St. Mary's L.J. 1, 86 (2002). Accordingly, the trial court did not err in granting summary judgment under rule 166a(i).[3]

---

**3.** Katherine appears to argue that because the burden of proof in this case is preponderance of the evidence, the fact that the hearing officer's and Appeals Panel's decisions do not explicitly state that workplace emissions were not a producing cause of Charles's death means she has carried her summary judgment burden. However, because *she* is the party with the burden of proof, *she* was required to produce *some* evidence from a qualified medical expert affirmatively stating that workplace emissions were one of the causes of aggravation of Charles's asthma. *See* Tex.R. Civ. P. 166a(i).

Katherine also claims that by granting the no-evidence summary judgment, the trial court denied her right of trial by jury. *See* TEX. LAB.CODE ANN. § 410.304; *Garcia,* 893 S.W.2d at 515. She contends that because the statute granting the right of judicial review provides for trial by jury, the granting of a summary judgment in this case is improper. *See* TEX. LAB.CODE ANN. § 410.305 (providing that in suit for judicial review under section 410.301, sections 410.301 through 410.308 control over the rules of civil procedure to the extent of any conflict). We disagree.

The purpose of the summary judgment rule is to provide a method of summarily terminating a case when it clearly appears that only questions of law are involved and that there are no genuine issues of fact. *Lattrell v. Chrysler Corp.,* 79 S.W.3d 141, 150 (Tex.App.-Texarkana 2002, pet. denied). The rule does not deprive litigants of a jury trial where there exists a material question of fact. *Id.* When a party cannot show a material fact issue, there is nothing to submit to a jury, and the grant of summary judgment to the opposing party does not violate the constitutional right to a jury trial. *Id.; Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.,* 747 S.W.2d 464, 469 (Tex.App.-San Antonio 1988, no writ). Katherine cites no law, nor do we find any, indicating that rule 166a(i) conflicts with the right to jury trial in a suit for judicial review of an Appeals Panel decision. Thus, we hold that rule 166a(i) applies to such suits.

A plaintiff faced with a no-evidence motion for summary judgment is not required to marshal her evidence in answer to the summary judgment motion; she is simply required to show the existence of some evidence on the disputed element of her claim. *Lattrell,* 79 S.W.3d at 151. Katherine did not do so. Accordingly, we overrule her first three issues.

### Dismissal on Special Exceptions

In her fourth issue, Katherine contends that the trial court erred in sustaining TIC's special exceptions and striking the portions of her first amended petition raising bad faith and article 21.21 claims. When a trial court sustains special exceptions, it may not dismiss the nonexcepting party's claims without first giving that party an opportunity to amend his or her deficient pleadings. *Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998); *Tex. Dep't of Corr. v. Herring,* 513 S.W.2d 6, 9–10 (Tex.1974). However, if the pleading defect cannot be cured by amendment, the trial court is not required to give the nonexcepting party an opportunity to amend his or her pleadings. *Mowbray v. Avery,* 76 S.W.3d 663, 678 (Tex.App.-Corpus Christi 2002, pet. denied).

The only issues in a case appealed to a trial court for judicial review under labor code section 410.301 are issues addressed by the Appeals Panel in the underlying proceedings. TEX. LAB.CODE ANN. §§ 410.301, 410.302. The TWCC did not address Katherine's bad faith and article 21.21 claims, nor did it have the power to do so. *See Henry v. Dillard Dep't Stores, Inc.,* 21 S.W.3d 414, 418 (Tex.App.-San Antonio 2000) (citing *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 214 (Tex.1988)), *rev'd on other grounds,* 70 S.W.3d 808 (Tex.2002). Accordingly, allowing Katherine an opportunity to amend her pleadings would not have cured the defect, and the trial court did not err in sustaining TIC's special exceptions and striking the paragraphs stating those claims from her pleadings. Katherine's fourth point is overruled.

### Letter Brief

On May 20, 2003, Katherine filed a motion for leave to file a letter brief. In

it, she contends that our recent decision in *Wal–Mart Stores, Inc. v. Kelley* does not preclude us from considering the Appeals Panel opinion in determining whether Katherine met her summary judgment burden. 103 S.W.3d 642 (Tex.App.-Fort Worth 2003, no pet.). She also raises potential grounds for recusal of one of the justices on the panel.

We grant Katherine's motion to file the letter brief. In response to Katherine's concerns in the brief, we note that *Kelley* does not prohibit us from considering the Appeals Panel decision. *Kelley* was a motion for new trial case, and the issue was whether we could consider the Appeals Panel decision even though it had not been entered into evidence at the hearing on the motion for new trial. *Id.* at 644. Here, TIC attached the Appeals Panel decision to its summary judgment motion, and Katherine attached it to her response. Accordingly, the Appeals Panel decision is part of the summary judgment record in this case, and we properly considered it. *See* Tex.R. Civ. P. 166a(c), (i).

## CONCLUSION

Having overruled all of Katherine's points, we affirm the trial court's judgment.

CAYCE, C.J., Recused.