COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-284-CV
 
MARGARET KATHERINE MARTS,    
                                                        APPELLANT
ON BEHALF OF CHARLES A. MARTS,
DECEASED
V.
TRANSPORTATION INSURANCE COMPANY    
                                            APPELLEE
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
OPINION
------------
       
This is an appeal from the trial court's summary judgment in favor of appellee
Transportation Insurance Company (TIC). In four points appellant Margaret
Katherine Marts, on behalf of Charles A. Marts, deceased (Katherine), contends
that the trial court erred in granting summary judgment and in sustaining
special exceptions striking portions of her pleadings. We affirm.
BACKGROUND FACTS
       
At the time of his death on July 3, 1991, Charles Marts (Charles) was employed
as a night burner at Acme Brick. Charles had last worked on June 30, 1991. His
cause of death was listed as "cardiopulmonary arrest due to respiratory
failure due to severe refractory bronchospasm due to asthma." Katherine and
the Marts's children subsequently claimed workers' compensation benefits for
Charles's death, contending that he died of a compensable occupational disease
because the asthma attack that caused his death was "exacerbated or
triggered by exposure to chemicals in the air where he worked."
       
A contested case hearing was held in March 1998, and the hearing officer
determined that Charles did not die of a compensable occupational disease.
Katherine and the children appealed the hearing officer's decision to the Texas
Workers' Compensation Commission (TWCC) Appeals Panel, which affirmed the
hearing officer's decision. On October 20, 1998, Katherine filed a suit for
judicial review of the Appeals Panel's decision in the 43rd District
Court of Parker County. See Tex. Lab. Code Ann. §§ 410.251, 410.301 (Vernon
1996).
       
On February 22, 2002, TIC filed a motion for summary judgment, contending that
Katherine had "failed to produce even a scintilla of evidence supporting
her position" that Charles's fatal asthma attack was caused by workplace
emissions because she had produced no expert medical testimony on causation.
Katherine responded by claiming that TIC had not proven as a matter of law that
it was entitled to judgment, that the basis of the Appeals Panel's and hearing
officer's decisions were the results of toxicology tests that Katherine's expert
had not yet had the opportunity to review, and that fact questions existed
because her experts had not yet addressed the toxicology testing results.
       
On February 25, 2002, Katherine filed a first amended petition, adding claims
for bad faith and violation of article 21.21. Tex. Ins. Code Ann. § 21.21
(Vernon 1981 & Supp. 2003). TIC filed special exceptions to the first
amended petition on March 4, 2002, alleging that the bad faith and article 21.21
claims were not properly before the court. See Tex. Lab. Code Ann. §
410.302 (limiting trial under section 410.301 to issues decided by the Appeals
Panel and on which judicial review is sought). On April 2, 2002, the trial court
signed an order granting the special exceptions and striking the portion of the
pleadings alleging the bad faith and article 21.21 claims. On May 30, 2002, the
trial court signed an order granting TIC summary judgment.
ANALYSIS
       
In her first three points, Katherine contends that summary judgment is improper.
As a threshold issue, we must determine the nature of the complained-of summary
judgment. While the motion is titled "Defendant Transportation Insurance
Company's Motion for Summary Judgment," the sole ground for the motion is
that TIC is entitled to judgment as a matter of law because Katherine produced
no evidence that workplace emissions were a cause of Charles's death.
Accordingly, we construe TIC's motion as a "no-evidence" summary
judgment motion. See Tex. R. Civ. P. 166a(i); Welch v. Coca-Cola
Enters., 36 S.W.3d 532, 536 (Tex. App.--Tyler 2000, pet. dism'd by agr.)
("Rule 166a(i) does not prescribe a particular form, style or outline for a
no evidence motion and does not require that a motion state that it is brought
under [that rule]. Nevertheless, we agree that it would be good practice to
specifically state, in the caption or elsewhere, that it is brought under [rule
166a(i)], if that is intended."); Roth v. FFP Operating Partners, L.P.,
994 S.W.2d 190, 194-95 (Tex. App.--Amarillo 1999, pet. denied) (holding same); but
see Michael v. Dyke, 41 S.W.3d 746, 750 (Tex. App.--Corpus Christi
2001, no pet.) ("[W]here a summary judgment motion does not unambiguously
state that it is filed under rule 166a(i) . . ., it will be construed as a
traditional summary judgment motion.").
Standard of Review
       
After an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant's claim or
defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the
elements for which there is no evidence. Id.; Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact. See Tex. R. Civ. P. 166a(i); S.W.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
       
A no-evidence summary judgment is essentially a pretrial directed verdict, and
we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment that we apply in reviewing a directed verdict. Frazier v. Yu,
987 S.W.2d 607, 610 (Tex. App.--Fort Worth 1999, pet. denied). We review the
evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered. Johnson, 73 S.W.3d at 208; Morgan v.
Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward
more than a scintilla of probative evidence that raises a genuine issue of
material fact, then a no-evidence summary judgment is not proper. Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied).
Propriety of Summary
Judgment
       
Only injuries occurring in the course and scope of employment are compensable. See
Payne v. Galen Hosp.Corp., 28 S.W.3d 15, 18 (Tex. 2000); City of
Pasadena v. Olvera, 95 S.W.3d 494, 497 (Tex. App.--Houston [1st
Dist.] 2002, no pet.). The definition of injury includes aggravation of a
pre-existing condition. See Tex. Lab. Code Ann. § 401.011(26) (Vernon
Supp. 2003); Olvera, 95 S.W.3d at 497; Peterson v. Cont'l Cas. Co.,
997 S.W.2d 893, 895 (Tex. App.--Houston [1st Dist.] 1999, no pet.).
The injury need not be the primary producing cause of the injury so long as it
is one of the producing causes. Flores v. Employees Ret. Sys. of Tex.,
74 S.W.3d 532, 549 (Tex. App.--Austin 2002, pet. denied); INA of Tex. v.
Howeth, 755 S.W.2d 534, 537 (Tex. App.--Houston [1st Dist.]
1988, no writ).
       
Here, Katherine contends that the following statement in the hearing officer's
decision provides more than a scintilla of evidence that workplace emissions
were a cause of Charles's death: "Dr. Booker, a toxicologist, was called to
testify for Claimants. He concludes that the cause of death was acute asthma
which was exacerbated by workplace chemicals. The major concern was emissions of
sulphur dioxide (SO2) in the workplace (a byproduct of
combustion)." TIC contends that expert medical testimony is required to
establish that workplace emissions were a cause of Charles's fatal asthma attack
and that Dr. Booker is not qualified to give such testimony because he is not a
medical doctor.(1)  See Tex. R.
Evid. 702.
       
Expert medical testimony is necessary to prove the cause of asthma. Praytor
v. Ford Motor Co., 97 S.W.3d 237, 241 (Tex. App.--Houston [14th
Dist.] 2002, no pet.); Hernandez v. Tex. Employers Ins. Assoc., 783
S.W.2d 250, 253 (Tex. App.--Corpus Christi 1989, no writ). It is also required
to prove that employment aggravated a pre-existing disease, such as asthma. See
Hernandez, 783 S.W.2d at 253(2); Houston
Gen. Ins. Co. v. Pegues, 514 S.W.2d 492, 495 (Tex. Civ. App.--Texarkana
1974, writ ref'd n.r.e.).
       
Nonphysicians may qualify as medical experts by virtue of special experience. E.g.,
Ponder v. Texarkana Mem'l Hosp., Inc., 840 S.W.2d 476, 478 (Tex.
App.--Houston [14th Dist.] 1991, writ denied); see
also Harris County Hosp. Dist. v. Estrada, 872 S.W.2d 759, 762 (Tex.
App.--Houston [1st Dist.] 1993, writ denied) (holding
that nurse who is "familiar with the standard of care at another similar
hospital, can qualify by experience to testify as a medical expert in a medical
malpractice action"). However, in her response to the motion for summary
judgment, Katherine admitted that TIC is "correct in [its] assertion that
Dr. Booker . . . is not qualified to render an expert medical opinion." In
addition, the hearing officer noted in her opinion that Dr. Booker "agreed
that he did not have the qualifications to give a medical opinion."
Therefore, we cannot consider Dr. Booker's testimony on causation as competent
summary judgment evidence. See Tex. R. Evid. 702; Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711-12 (Tex. 1997), cert.
denied, 523 U.S. 1119 (1998).
       
Katherine also contends that Dr. Booker was not the only expert and that
testimony from other experts, in particular Dr. Juan Zamora, provides more than
a scintilla of evidence of causation. A Report of Independent Medical
Examination by Dr. Zamora is included in the summary judgment record. In it, Dr.
Zamora describes asthma and discusses the various stimuli that can exacerbate
asthma. In discussing the diagnosis of occupational asthma, Dr. Zamora writes:

 The diagnosis of occupational asthma is based on a very careful
 occupational history particularly of the relationship between work, days off,
 holidays and symptoms. This must be associated with . . . information about a
 potential allergen in the work place. The . . . organs to show early signs of
 sensitization are the skin, the eyes and the nose before there is clinical
 asthma. With occupational exposures, the patients give a characteristic cyclic
 history. They are well when they arrive at work; symptoms developed towards
 the end of the shift, progress after leaving the work site and then regress.
 Absence from work during weekends or vacation periods brings about a
 remission. Frequently, there are similar symptoms in fellow employees.

Dr. Zamora concluded that "[t]he
allergens, if any, in this particular bout of asthmatiform attack should be
primarily . . . looked for at home provided it was the place this man spent the
last two days [of his life] . . . . Based on the documentation reviewed, the
probability of a work-related death is not considered." Thus, contrary to
Katherine's contentions in her brief, Dr. Zamora's statements and conclusions in
his report do not constitute expert medical evidence of causation. Rather than
concluding that Charles's workplace was a producing cause of his death, Dr.
Zamora concludes that it was not.
       
Katherine claims that other experts testifying at the hearing provided evidence
of causation; however, that evidence is not before us. The only summary judgment
record provided consists of the hearing officer's decision, the Appeals Panel's
decision, various excerpts from Dr. Booker's deposition testimony, and Dr.
Zamora's report.
       
Katherine further contends that a statement in the Appeals Panel decision that
"[t]here is ample evidence to support other likely scenarios leading to the
death" precludes the granting of a no-evidence summary judgment even though
the Appeals Panel affirmed the hearing officer's take-nothing decision. This
sentence is taken out of context. The full text of the excerpt from the decision
is as follows:

        In
 this case, the hearing officer had to weigh the events of the day and night of
 the deceased's asthma attack and death, the passage of time between work and
 the death, the OSHA testing showing SO2 levels well
 below their cut off limits, the activities around the plant where the deceased
 worked, the testimony of the doctor who performed the autopsy, the testimony
 of the toxicologist, their comparative expertise, and the materials and tests
 both relied on, to evaluate whether it was more likely than not (a
 preponderance of the evidence) that a workplace emission exposure of unknown
 extent and duration led to no sooner than three days later, an acute
 bronchospasm attack. She evidently considered it far more
 persuasive that the acute attack was precipitated by factors more proximate in
 time to the attack than something that occurred at the kilns. There is ample
 evidence to support other likely scenarios leading to the death.
 [Emphasis added.]

When viewed in context, the "other
likely scenarios" appear to refer to causes other than workplace emissions.
Accordingly, this sentence in the Appeals Panel decision, even when viewed in
the light most favorable to Katherine, does not meet Katherine's burden of
production in the face of a no-evidence summary judgment.
       
After reviewing the summary judgment record, we find no evidence from a
qualified medical expert that workplace emissions were a producing cause of
Charles's fatal asthma attack. If the trial court is barred by rules of law or
evidence from giving weight to the only evidence offered to prove an essential
element of the adverse party's claim or defense, in this case Dr. Booker's
testimony, the trial court should grant summary judgment. See
Havner, 953 S.W.2d at 711; W. Wendell Hall, Standards of
Review in Texas, 34 St. Mary's L.J. 1, 86 (2002). Accordingly, the trial
court did not err in granting summary judgment under rule 166a(i).(3)
       
Katherine also claims that by granting the no-evidence summary judgment, the
trial court denied her right of trial by jury. See Tex.
Lab. Code Ann. § 410.304; Garcia, 893 S.W.2d at 515. She
contends that because the statute granting the right of judicial review provides
for trial by jury, the granting of a summary judgment in this case is improper. See
Tex. Lab. Code Ann. § 410.305 (providing that in suit for judicial review under
section 410.301, sections 410.301 through 410.308 control over the rules of
civil procedure to the extent of any conflict). We disagree.
       
The purpose of the summary judgment rule is to provide a method of summarily
terminating a case when it clearly appears that only questions of law are
involved and that there are no genuine issues of fact. Lattrell
v. Chrysler Corp., 79 S.W.3d 141, 150 (Tex. App.--Texarkana 2002, pet.
denied). The rule does not deprive litigants of a jury trial where there exists
a material question of fact. Id. When a party cannot show
a material fact issue, there is nothing to submit to a jury, and the grant of
summary judgment to the opposing party does not violate the constitutional right
to a jury trial. Id.; Querner Truck Lines, Inc. v. Alta Verde
Indus., Inc., 747 S.W.2d 464, 469 (Tex. App.--San Antonio 1988, no writ).
Katherine cites no law, nor do we find any, indicating that rule 166a(i)
conflicts with the right to jury trial in a suit for judicial review of an
Appeals Panel decision. Thus, we hold that rule 166a(i) applies to such suits.
        A
plaintiff faced with a no-evidence motion for summary judgment is not required
to marshal her evidence in answer to the summary judgment motion; she is simply
required to show the existence of some evidence on the disputed element of her
claim. Lattrell, 79 S.W.3d at 151. Katherine did not do
so. Accordingly, we overrule her first three issues.
Dismissal on Special
Exceptions
        In
her fourth issue, Katherine contends that the trial court erred in sustaining
TIC's special exceptions and striking the portions of her first amended petition
raising bad faith and article 21.21 claims. When a trial court sustains special
exceptions, it may not dismiss the nonexcepting party's claims without first
giving that party an opportunity to amend his or her deficient pleadings. Friesenhahn
v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998); Tex. Dep't of
Corr. v. Herring, 513 S.W.2d 6, 9-10 (Tex. 1974). However, if the pleading
defect cannot be cured by amendment, the trial court is not required to give the
nonexcepting party an opportunity to amend his or her pleadings. Mowbray
v. Avery, 76 S.W.3d 663, 678 (Tex. App.--Corpus Christi 2002, pet. denied).
       
The only issues in a case appealed to a trial court for judicial review under
labor code section 410.301 are issues addressed by the Appeals Panel in the
underlying proceedings. Tex. Lab. Code Ann. §§ 410.301, 410.302. The TWCC did
not address Katherine's bad faith and article 21.21 claims, nor did it have the
power to do so. See Henry v. Dillard Dep't Stores, Inc.,
21 S.W.3d 414, 418 (Tex. App.--San Antonio 2001) (citing Aranda
v. Ins. Co. of N. Am., 748 S.W.2d 210, 214 (Tex. 1988)), rev'd
on other grounds, 70 S.W.3d 808 (Tex. 2002). Accordingly, allowing
Katherine an opportunity to amend her pleadings would not have cured the defect,
and the trial court did not err in sustaining TIC's special exceptions and
striking the paragraphs stating those claims from her pleadings. Katherine's
fourth point is overruled.
Letter Brief
        On
May 20, 2003, Katherine filed a motion for leave to file a letter brief. In it,
she contends that our recent decision in Wal-Mart Stores, Inc.
v. Kelley does not preclude us from considering the Appeals Panel opinion
in determining whether Katherine met her summary judgment burden. 103 S.W.3d 642
(Tex. App.--Fort Worth 2003, no pet.). She also raises potential grounds for
recusal of one of the justices on the panel.
        We
grant Katherine's motion to file the letter brief. In response to Katherine's
concerns in the brief, we note that Kelley does not
prohibit us from considering the Appeals Panel decision. Kelley
was a motion for new trial case, and the issue was whether we could consider the
Appeals Panel decision even though it had not been entered into evidence at the
hearing on the motion for new trial. Id. at 644. Here, TIC
attached the Appeals Panel decision to its summary judgment motion, and
Katherine attached it to her response. Accordingly, the Appeals Panel decision
is part of the summary judgment record in this case, and we properly considered
it. See Tex. R. Civ. P. 166a(c), (i).
CONCLUSION
       
Having overruled all of Katherine's points, we affirm the trial court's
judgment.
 
   
                                                        TERRIE
LIVINGSTON
   
                                                        JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
          
    CAYCE, C.J., Recused
DELIVERED: June 19, 2003

1.  Dr. Booker has a Ph.D. in analytical chemistry.
He has never attended medical school.
2.  Appellant contends that because Hernandez
was decided under the de novo standard of review applicable to pre-1991 workers'
compensation cases, rather than the modified de novo standard currently
mandated, it is no longer applicable. See Tex.
Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 512-13, 515 (Tex. 1995)
(discussing standard of judicial review of administrative decisions in workers'
compensation cases under former system and new Workers' Compensation Act, which
became effective January 1, 1991). However, the review is described as
"modified" because in determining an impairment rating, the fact
finder must adopt the specific rating of one of the physicians in the case, and
evidence of impairment is limited to that which was presented before the TWCC
unless the court makes a threshold finding that the claimant's condition has
substantially changed. See Tex. Lab. Code Ann. §
410.306-.307; Garcia, 893 S.W.2d at 515. Thus, this
"modified" standard of review does not exempt a party appealing an
Appeals Panel decision from proving causation (or the lack of causation if the
TWCC finds a compensable injury).
3.  Katherine appears to argue that because the
burden of proof in this case is preponderance of the evidence, the fact that the
hearing officer's and Appeals Panel's decisions do not explicitly state that
workplace emissions were not a producing cause of Charles's death means she has
carried her summary judgment burden. However, because she
is the party with the burden of proof, she was required to
produce some evidence from a qualified medical expert
affirmatively stating that workplace emissions were one of the causes of
aggravation of Charles's asthma. See Tex. R. Civ. P.
166a(i).