**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 10, 2012.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————

### NO. 14-11-01025-CR

———————

### IN RE THOMAS FLORENCE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR1217**

---

## M E M O R A N D U M   O P I N I O N

On November 30, 2011, relator, Thomas Florence, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Lonnie Cox, presiding judge of the 56th District Court of Galveston County, has denied his appointed counsel's motion to withdraw from representing him on appeal so that he may represent himself in post-conviction proceedings.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is

a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Relator has not established that the trial court abused its discretion in denying counsel's motion to withdraw and permitting relator to represent himself on appeal. The constitutional right to represent oneself does not extend to the appellate process under either the Sixth Amendment or the Due Process Clause. *See Cormier v. State,* 95 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order) (holding criminal defendants do not have a constitutional right to self-representation on appeal, citing *Martinez v. Court of Appeal of California,* 528 U.S. 152, 120 S.Ct. 684, 692 (2000)). Relator also has not provided this court with copies of the motion for which he seeks a ruling or a record of any hearings from the court below. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Moreover, no notice of appeal has been filed, and relator states that he has filed an application for post-conviction habeas corpus relief. Texas Code of Criminal Procedure article 11.07 governs the procedure for obtaining post-conviction relief from a final felony conviction. *See* Tex. Code Crim. Proc. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist*., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). Accordingly, if relator is seeking post-conviction habeas relief, we are without jurisdiction to direct the trial court to grant his counsel's motion.

2

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).