COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| DELIA MENDOZA, | | No. 08-08-00337-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 6 |
| | § | |
| OLD REPUBLIC INSURANCE | | of El Paso County, Texas |
| COMPANY, | § | |
| | | (TC # 2004-2974) |
| Appellee. | § | |

**O P I N I O N**

Delia Mendoza appeals a summary judgment granted in favor of Old Republic Insurance Company in litigation involving a worker's compensation claim. For the reasons that follow, we reverse and remand.

**FACTUAL BACKGROUND**

On July 14, 2004, Mendoza filed an original petition pursuant to Section 410.252 of the Texas Labor Code, claiming that on or about May 8, 2003 she was injured on the job as an employee of Leviton Mfg. Co., Inc. Her lawsuit sought to overturn an appeals panel decision which had affirmed a ruling by a hearing officer that Mendoza did not sustain a compensable repetitive trauma injury. On August 13, 2008, Old Republic Insurance Company filed a plea to the jurisdiction and, alternatively, a motion for summary judgment on the basis that Mendoza failed to exhaust her administrative remedies under the Texas Workers' Compensation Act prior to filing the lawsuit. The court denied the plea to the jurisdiction but granted summary judgment relief. This appeal follows. In her sole issue for review, Mendoza complains that the summary judgment motion was legally

insufficient.

## SUMMARY JUDGEMENT

### *Standard of Review*

The issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). We review a summary judgment *de novo*. *Valence Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true and we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

### *Timeliness of Response*

We first address Old Republic's argument that Mendoza's responsive pleadings cannot be considered. It contends that because Mendoza failed to meet the seven-day requirement for filing a response to the motion for summary judgment, she cannot now argue that her summary judgment evidence creates a fact issue that would justify reversal. TEX.R.CIV.P. 166a(c).[1]

Mendoza filed her response on August 29, 2008, one day late. Old Republic argued that the filing was untimely and objected to the exhibits. The summary judgment affirmatively stated that the court "considered all documents filed of record, the summary judgment evidence, the authorities cited by the parties, and the argument of counsel, if any." The court also overruled Old Republic's objections to Mendoza's exhibits.

---

[1] Rule 166a(c) of the Texas Rules of Civil Procedure states in relevant part: "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

Mendoza counters that since Old Republic never moved to strike her response, it has waived its right to complain. She also argues that the trial court both expressly and implicitly granted leave to file a late response by considering all documents filed and overruling Old Republic's objections.

Our analysis is guided by *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490-91 n. 1 (Tex. 1988). There, the Supreme Court held that absent a showing of surprise by the opposing party, a failure to seek leave of court to file an untimely pleading may be cured by the trial court's action in considering the amended pleading. 751 S.W.2d at 490. But the court expressly distinguished the presumption governing amended pleadings under Rule 63 from the presumption governing the filing of opposing affidavits and responses to a motion for summary judgment under Rule 166a(c). *Id.* at 490-91 n.1. The mere fact that the trial court's judgment implies that it reviewed Mendoza's response does not dispense with the necessity of showing that the trial court granted leave to file it untimely. Because Mendoza's response was not properly before the trial court, we will not review the response or the evidence attached to it. We will only address Mendoza's complaint regarding the legal sufficiency of the motion itself.

*Exhaustion of Administrative Remedies*

The Texas Worker's Compensation Act provides for a three-part administrative process: (1) a benefit review conference, (2) a contested case hearing, and (3) an appeal to the Division of Workers' Compensation's Appeals Panel. TEX.LAB.CODE ANN. § 410.023 (Vernon 2006)(benefit review conference); TEX.LAB.CODE ANN. § 410.151 (contested case hearing);TEX.LAB.CODE ANN. § 410.202 (appeal to appeals panel). These administrative proceedings are a prerequisite to any lawsuit for judicial review where the underlying claim is a workers' compensation claim: "A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter." TEX.LAB.CODE ANN.

§ 410.251. A party's failure to exhaust administrative remedies under the workers' compensation laws deprives the district court of jurisdiction. TEX.LAB.CODE ANN. § 410.251; *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 658 (Tex.App.--Dallas 2008, no pet.).

In the trial court, Old Republic argued that there was no genuine issue of material fact with respect to Mendoza's failure to exhaust her administrative remedies. The summary judgment evidence revealed that Mendoza suffered a prior work-related injury to her left arm, her left hand, and her neck in 2002.

> Q. All right. Ms. Mendoza, I understand that when you were working at Leviton you had a prior workers' compensation injury that you reported. Is that correct?
>
> A. Yes, sir.
>
> Q. And I believe the date of that injury was April 6, 2002?
>
> A. Yes, sir.
>
> Q. And at that time you felt numbness and pain in your hands and fingers. Is that correct?
>
> A. Yes, I did.
>
> Q. Was that in both hands and fingers?
>
> A. Both hands.
>
> Q. Your left hand and your right hand?
>
> A. Yes, sir.

This work-related injury and associated workers' compensation claim also involved carpal tunnel syndrome:

> Q. So I take it at that point in time, sometime in 2002, you believed that your carpal tunnel syndrome in both hands was related to your work at Leviton?
>
> A. That's what the doctor stated.

.    .    .

Q. Okay. And did you have any reason to doubt what the doctors told you?

A. No, I do not.

Q. Okay. You don't have any reason to doubt that today, do you?

A. No, sir.

Although Mendoza also claimed a neck injury when she filed in 2002, the Division of Workers' Compensation found that the work-related injury did not include an injury to Mendoza's left hand or neck.

Q. Okay. So, to make sure I understand you, when you pursued your claim at the Division of Workers' Compensation, the Division of Workers' Compensation said your left hand injury and your neck was not part of or included within your workers' compensation injury?

A. Yes, sir.

Q. And that's as a result of the April 2002 injury?

A. Yes, sir.

Mendoza's testimony is corroborated by the certified copies of the Division of Workers' Compensation administrative records that were attached to the summary judgment motion.

Mendoza never appealed the decision of the Texas Workers' Compensation Commission concerning the scope and extent of the April 2002 injury. Old Republic argues that instead of appealing the adverse decision, Mendoza concocted a new injury, filed a new workers' compensation claim, and prosecuted that claim in the present lawsuit. To support its argument, Old Republic relies on Mendoza's testimony that the 2003 injuries could be traced back to the 2002 injury:

Q. Ms. Mendoza, I understand that in this case you're claiming that you have this injury to your left hand and your neck, but that relates back to the date you injured your right arm, your right hand. Is that right?

A. Yes, sir.

Q. Okay. So it relates back to the date April 6, 2002?

A. Yes, sir.

Q. That's what you're claiming in this case?

A. Yes, sir.

The Act defines a compensable injury as "damage or harm to the physical structure of the body." TEX.LAB.CODE ANN. § 401.011(26)(Vernon Supp. 2009). As a matter of law, pain alone cannot be considered damage to the body. *Saldana v. Houston General Ins. Co.*, 610 S.W.2d 807, 811 (Tex.Civ.App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.). However, the aggravation of a preexisting condition is a compensable injury for purposes of the Act. *See Peterson v. Continental Casualty Company*, 997 S.W.2d 893, 895 (Tex.App.--Houston [1st Dist.] 1999, no pet.); *Cooper v. St. Paul Fire & Marine Ins. Co.*, 985 S.W.2d 614, 616-18 (Tex.App.--Amarillo 1999, no pet.).

Old Republic introduced summary judgment evidence that Mendoza returned to work at Leviton on April 21, 2003. The Employer's First Report of Injury dated June 6, 2003, indicated that not only did Mendoza return to work, she reported a subsequent injury on May 8, complaining of numbness and pain in her left arm, thumb, index and middle finger, and neck. The Employer's First Report also established that Mendoza had experienced pain to her neck and numbness to her thumb, index, and middle finger since April 6, 2002. Mendoza was diagnosed with L-CTS on May 5, 2003.

The Employer's First Report of Injury creates a genuine issue of material fact as to whether Mendoza suffered an aggravation of a preexisting condition. Consequently, Old Republic is not entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). Under the applicable standard of review, we take all evidence favorable to the non-movant as true and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon,* 690 S.W.2d 549. We must thus indulge the inference that Mendoza suffered and was diagnosed with an injury subsequent to her

return to work on April 21, 2003. Despite the fact that Mendoza testified that the injury relates back to 2002, aggravation of a preexisting condition is still a compensable injury for purposes of the Texas Workers' Compensation Act. We sustain Mendoza's sole point of error, reverse the trial court's granting of the summary judgment in favor of Old Republic, and remand the case for further proceedings consistent with this opinion.

July 30, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.