# IN THE SUPREME COURT OF TEXAS

══════════
No. 13-0814
══════════

DALLAS NATIONAL INSURANCE COMPANY, PETITIONER,

v.

GLORIA DE LA CRUZ, RESPONDENT

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
══════════════════════════════════════════════

## PER CURIAM

In this workers' compensation case, the trial court awarded Gloria De La Cruz lifetime income benefits (LIBs) pursuant to Section 408.161 of the Texas Workers' Compensation Act (the Act). TEX. LAB. CODE § 408.161. The award was based on De La Cruz's claim that an injury to her back extended to and affected both her feet at or above the ankle, causing permanent, total loss of use of them. The court of appeals affirmed. We reverse and render.

De La Cruz was working as a cook for Kona Kreek restaurant on February 18, 2004, when she fell, injuring her left knee and back. Kona Kreek carried workers' compensation insurance with Dallas National Insurance Company, and it is undisputed that her injuries were compensable.

De La Cruz was released to return to light duty work in March 2004. However, she could not perform light duties and was again taken off work by her doctors. She was eventually diagnosed with intervertebral disc herniations and underwent back surgery described as a "360 fusion at L4–L5

and L5–S1 with laminectomy and discectomy." Later she had anthroscopic surgery on her left knee. Despite these surgeries, De La Cruz continued to experience pain and numbness in her legs and continued to seek treatment for back and knee pain.

In 2009, De La Cruz filed a claim for LIBs with the Division of Workers' Compensation. She claimed her 2004 injury caused the total loss of use of both her feet at or above the ankle, the loss of use was permanent, and she was entitled to LIBs pursuant to Section 408.161 of the Act. *See* TEX. LAB. CODE § 408.161. A contested case hearing was held, and the hearing officer determined that she was not entitled to LIBs. De La Cruz appealed. An appeals panel of the Division affirmed, and De La Cruz appealed to the district court. *See id.* §§ 410.252, 410.301. Following a non-jury trial, the court found that her injury resulted in the total and permanent loss of use of both her feet at or above the ankle and awarded LIBs.

Dallas National appealed, challenging both the legal and factual sufficiency of the evidence to support the judgment. The court of appeals affirmed. *Dall. Nat'l Ins. Co. v. De La Cruz*, 412 S.W.3d 36 (Tex. App.—El Paso 2013). In doing so, it noted references in the medical records to objective signs of radiculopathy, an impairment rating for radiculopathy, records demonstrating a "dermatomal loss on right side of L2 and left side L3," De La Cruz's use of a cane, and her complaints of pain radiating to her toes. *Id.* at 43.

In this Court, Dallas National challenges the court of appeals' determination that the evidence was sufficient to support the trial court's judgment.

A challenge to the legal sufficiency of the evidence will be sustained only if

2

(a) [there is] a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (quoting Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)). In reviewing the evidence for legal sufficiency, "we credit evidence that supports the verdict if [a reasonable factfinder] could have done so and disregard contrary evidence unless [a reasonable factfinder] could not have done so." *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (quoting *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009)).

Section 408.161 of the Texas Workers' Compensation Act enumerates seven types of injuries that entitle an employee to LIBs. The Act, as relevant to this case, provides that

(a) Lifetime income benefits are paid until the death of the employee for:
. . .
(2) loss of both feet at or above the ankle;
. . .
(b) For purposes of Subsection (a), the total and permanent loss of use of a body part is the loss of that body part.

TEX. LAB. CODE § 408.161(a)–(b). "Total loss of use" is not defined in the statute, but we have determined that

[a] total loss of the use of a member exists whenever by reason of injury, such member no longer possesses any substantial utility as a member of the body, or the condition of the injured member is such that the workman cannot procure and retain employment requiring the use of the member.

3

*Ins. Co. of State of Pa. v. Muro*, 347 S.W.3d 268, 272 (Tex. 2011) (quoting *Travelers Ins. Co. v. Seabolt*, 361 S.W.2d 204, 206 (Tex. 1962)). The Act defines injury as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX. LAB. CODE § 401.011(26). For total loss of use of a member to be compensable, the loss of use must have resulted from injury to the member itself, as opposed to the loss of use resulting from injury to another part of the body. Further, pain alone is not an injury under the Act because it is not damage or harm to the physical structure of the body. *See, e.g.*, *Mendoza v. Old Republic Ins. Co.*, 333 S.W.3d 183, 187 (Tex. App.—El Paso 2010, pet. denied); *Peterson v. Cont'l Cas. Co.*, 997 S.W.2d 893, 895 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *cf. Tex. Emp'rs' Ins. Ass'n v. Shannon*, 462 S.W.2d 559, 562 (Tex. 1970) ("The fact that pain alone (as distinguished from an extension of the injury) extends from an injury to a specific member of the body into the body does not make the injury a general one and will not support a finding of general incapacity."). An injury to a member of the body can be either direct or indirect. *Muro*, 347 S.W.3d at 275. But in either case, there must be damage or harm to the physical structure of the member in order for that member to be injured under the Act. *Id.*

De La Cruz relies on *Hartford Underwriters Insurance Co. v. Burdine*, 34 S.W.3d 700 (Tex. App.—Fort Worth 2000, no pet.). In that case, an employee suffered a work-related back injury and LIBs were awarded based on the loss of use of the employee's feet. *Id.* at 706–07. There, a doctor testified that the employee's back injury included injury to nerves coming out of her spinal column and running down her legs and into her feet. *Id.* The doctor elaborated that the injury to the nerve roots in her back resulted in muscular malfunction in the feet and a condition called "footdrop"—the

4

inability of the employee to lift her feet.  *Id.*  But neither the doctor who testified in De La Cruz's case nor De La Cruz's medical records reflects such a situation.  The closest the evidence comes to proving damage or harm to the physical structure of De La Cruz's feet are piecemeal, unexplained statements in various medical records.

One medical record indicates that she suffers from "lower extremity problems secondary to radiculopathy and postlaminectomy syndrome" and "dermatomal loss" due to nerve damage in her back.  However, the record does not identify what parts of her lower extremities were involved or whether there was any physical damage or harm to them.  That is, there is no evidence that those conditions caused or were the result of damage or harm to the physical structure of both her feet at or above the ankle as opposed to reflecting injury to the nerve roots in her back.  Another such medical record is from an examination in 2009 where the examining doctor noted that De La Cruz's ankle reflexes were absent bilaterally.  But the one entry regarding the finding does not identify whether the condition was transient or permanent in both ankles; whether it reflected more than damaged nerve roots in De La Cruz's back; whether De La Cruz's feet were unable to function properly; or whether the condition was permanent and caused permanent total loss of use of both her feet.

In sum, there is evidence that the injury to De La Cruz's back affected her lower extremities, including her feet.  But, as we concluded in *Muro*, absent evidence of damage or harm to the physical structure of the enumerated body part or parts—in this case both feet at or above the ankles—and that the injury to the member or members caused the permanent total loss of use of them, the

5

evidence is legally insufficient to meet statutory requirements for LIBs under Section 408.161. 347 S.W.3d at 275. Here, there is no such evidence.

We reverse the judgment of the court of appeals and render judgment denying De La Cruz's claim for LIBs.


**OPINION DELIVERED:** August 28, 2015