**AFFIRM; and Opinion Filed November 4, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01379-CV

### BADMAND HOLDINGS, LLC, Appellant
### V.
### JIMIN XIE AND WEIYAN JEANNE LI, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-03683-B**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Appellant Badmand Holdings, LLC, a real estate holding company, appeals from a judgment ordering specific performance of a contract executed by Pejman Bady, one of Badmand's members, and appellees Jimin Xie and Weiyan Jeanne Li, for the sale of a condominium in downtown Dallas owned by Badmand. We affirm.

### Background

Bady, a medical doctor, and Roger Farahmand, a lawyer and health care consultant, are Badmand's only members; each owns 50% of the company. Bady listed Badmand's condominium for sale through a real estate broker. Xie and Li, a married couple, were looking for an investment property in the same building in which Badmand's condominium was located. Their real estate agent, Warren Barreto, saw the listing for Badmand's condominium and talked

to the listing agent "many times" about it. Barreto showed the condominium to Li, and she and her husband decided to purchase it.

Xie and Li signed a contract in April 2013 to purchase Badmand's condominium. Bady initialed each page and signed the last page of the contract on behalf of Badmand. Xie and Li deposited earnest money with the title company and gave an option fee to Badmand. Neither the buyers nor the seller chose to cancel the contract during the option period, and the closing was scheduled for mid-May. However, when the mortgage company sent its appraiser to the property to conduct an appraisal, the appraiser was not allowed inside the condominium. Barreto called the listing agent, who told Barreto that "we can't sell this property." The listing agent did not give Barreto a reason other than that the property was being taken off the market. The title company attempted to return the earnest money to Xie and Li, but Barreto told the title company that the buyers did not want the money back and wanted to continue with the contract.

When the closing date came and Badmand did not perform under the contract, Xie and Li sued Badmand for breach of contract and sought specific performance. Badmand filed a verified denial of the existence of a valid and binding contract and alleged that Bady did not have authority to sign the contract on behalf of Badmand.

In a trial to the bench, Xie and Li offered evidence that they were ready, willing, and able to perform under the contract. Li testified that they had the cash required for the closing and had done everything required of them to purchase the property and were just waiting on the appraisal. She introduced into evidence a letter from a bank stating they had been approved for a mortgage provided the property appraised for at least a certain amount. Li also testified that she knew Badmand was the seller of the property, but she did not know if Bady "was the only person involved with Badmand." She said she did not run a "title check" on the property because she trusted her realtor. She said she and her husband never asked Barreto whether there was a

–2–

"business resolution authorizing the [sale] of this property" because "the property is listed in [the] market." Barreto testified that he did not check to see whether Badmand had a "corporate resolution" to sell the property because he "assum[ed] the [seller's] agent checked on that before listing it." He said he "trust[ed] the agent who's listing the property that they have done their due diligence on that."

Bady did not testify on behalf of Badmand. But Farahmand testified that Badmand's operating agreement required unanimous consent of its two members to buy or sell property, and that he did not consent to the sale of the condominium or even know the condominium had been listed for sale. Farahmand said Bady's act in listing the condominium for sale "was a clear mistake" because of his lack of authority.

At the conclusion of the evidence, Xie and Li argued that Badmand did not offer any evidence, other than Farahmand's testimony, that its operating agreement required a resolution or unanimous consent before the condominium could be sold. They argued that under Texas law, Bady had actual authority to execute contracts on behalf of Badmand and, as a result, the contract is binding on Badmand.[1] In its closing argument, Badmand reminded the trial court about Farahmand's testimony concerning its internal operating agreement requiring unanimous consent and argued that Bady did not have actual or apparent authority to sell the property.

The trial court rendered final judgment in favor of Xie and Li and ordered specific performance of the contract within sixty days from the date of the judgment. The court also awarded attorneys' fees to Xie and Li. Badmand did not request findings of fact and conclusions of law, and the trial court did not make any.

---

[1] Xie and Li also referred to Badmand's filings with the secretary of state. Although the admissibility of the exhibit containing those filings appears to have been agreed to by the parties, it was never offered or admitted into evidence.

In its sole appellate issue, Badmand contends that the evidence is insufficient to support the judgment. Badmand does not complain about Xie and Li's evidence to support the relief of specific performance. Rather, Badmand argues that there is insufficient evidence to show that Bady had either actual or apparent authority to represent Badmand and, consequently, the contract is not enforceable.

Badmand does not state whether it challenges the legal or factual sufficiency of the evidence and does not provide the standard of review applicable to either challenge. Badmand requests relief in the form of a reversal and dismissal of the case or, alternatively, reversal and remand. We construe this issue as a challenge to both the legal and factual sufficiency of the evidence and will address Badmand's sole issue under those standards.

**Standard of Review**

In a trial to the bench when the trial court does not make findings of fact and conclusions of law, we imply all facts necessary to support the judgment that are supported by the evidence. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The question of whether an agency relationship exists is usually a fact issue and the party alleging agency has the burden to prove it. *Jarvis v. K&E Re One, LLC*, 390 S.W.3d 631, 639 (Tex. App.—Dallas 2012, no pet.). When we have a complete clerk's record and reporter's record, as we do here, the implied findings of fact may be challenged for legal and factual sufficiency, and the implied conclusions of law may be challenged for legal sufficiency. *See Marchand*, 83 S.W.3d at 795.

A challenge to the legal sufficiency of the evidence supporting an adverse finding on an issue for which the appellant did not have the burden of proof requires the appellant to show that no evidence supports the adverse finding. *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam). We will sustain the challenge if there is a complete absence of evidence of a vital fact; we are barred by rules of law or evidence from giving weight to the only

–4–

evidence offered to prove a vital fact; the evidence offered to prove a vital fact is no more than a scintilla; or the evidence conclusively establishes the opposite of a vital fact. *Dallas Nat'l Ins. Co. v. De La Cruz*, 470 S.W.3d 56, 57–58 (Tex. 2015) (per curiam). In our review, we consider the evidence in the light most favorable to the finding, credit evidence that supports the finding if a reasonable factfinder could do so, and disregard evidence contrary to the finding unless a reasonable factfinder could not do so. *Id*. at 58. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

We will sustain the factual insufficiency challenge only if our neutral review of the evidence shows that the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Bayview Loan Servicing, LLC v. Martinez*, No. 05-14-00835-CV, 2016 WL 825670, a *2 (Tex. App.—Dallas Mar. 3, 2016, no pet. h.) (mem. op.).

We review de novo a trial court's implied legal conclusions to determine their correctness. *See Marchand*, 83 S.W.3d at 794.

## Discussion

Badmand argues on appeal that it did not "go[] through with the closing of the Contract [because] the person who executed the Contract on behalf of [appellant], Pejman Bady, had no permission or authority, actual or apparent, to enter into the Contract on behalf of the Appellant and to commit the Appellant to sell the condominium unit to the Appellees. Pejman Bady was a Fifty-Percent (50%) member-manager of the Appellant at the time of entering into the Contract with the Appellees."

Badmand argues that its operating agreement "basically sets out how the business" of the company will "be run" and that it required unanimous consent to sell the condominium, which did not exist when Bady signed the contract to sell the property to Xie and Li. Badmand cites

case law concerning actual and apparent authority and argues that neither existed here because Badmand did nothing to indicate that Bady had authority to sell the condominium and Xie and Li "never met Pejman Bady, never talked to him or otherwise communicated with Mr. Bady." It also argues that Xie and Li were obligated to "ascertain both the fact and the scope of the agent's authority, and if the party deals with the agent without having made such determination, he or she does so at his or her own risk."

Xie and Li argue that Badmand did not offer its internal operating agreement into evidence and the trial court had authority to decide the credibility of the other evidence. They also argue that they had no duty to inquire about Bady's authority to execute the contract and that Badmand waived its complaint about agency by failing to request findings of fact and conclusions of law. They also cite provisions of the Texas Business Organizations Code concerning the binding acts of a member-manager of a limited liability company and argue that Bady's acts bound Badmand to the contract.

We agree with Xie and Li and conclude that the evidence is both legally and factually sufficient to support the judgment.

The Texas Business Organizations Code explains the authority of a limited liability company as follows:

> (a) Except as provided by this title and Title 1, each governing person of a limited liability company and each officer of a limited liability company vested with actual or apparent authority by the governing authority of the company is an agent of the company for purposes of carrying out the company's business.
>
> (b) An act committed by an agent of a limited liability company described by Subsection (a) for the purpose of apparently carrying out the ordinary course of business of the company, including the execution of an instrument, document, mortgage, or conveyance in the name of the company, binds the company unless:
>
>> (1) the agent does not have actual authority to act for the company; and
>>
>> (2) the person with whom the agent is dealing has knowledge of the agent's lack of actual authority.

(c) An act committed by an agent of a limited liability company described by Subsection (a) that is not apparently for carrying out the ordinary course of business of the company binds the company only if the act is authorized in accordance with this title.

TEX. BUS. ORGS. CODE ANN. § 101.254 (West 2012). "Governing person" is defined as "a person serving as part of the governing authority of an entity." *Id.* § 1.002(37) (West Supp. 2016). "Governing authority" with respect to a limited liability company is defined as:

(1) the managers of the company, if the company's certificate of formation state that the company will have one or more managers; or

(2) the members of the company, if the company's certificate of formation states that the company will not have managers.

*Id.* § 101.251 (West 2012).

It was undisputed that Bady was a member of Badmand and one of its two decision-makers. As a result, Bady was a "governing person" of Badmand, which made him an agent of Badmand. *See id.* §§ 101.251, .254. As an agent of Badmand, Bady's acts bound Badmand unless two things existed: (1) Bady did not have actual authority, and (2) Xie and Li knew Bady did not have actual authority. *See id.* § 101.254(b). Farahmand testified that Bady did not have actual authority to sell the condominium, which satisfied the first prong if his testimony was credible, but there is no evidence that Xie and Li knew that Bady lacked actual authority to sell the condominium. Xie and Li presented evidence that they did not know the reason Badmand backed out of the contract until after they filed this lawsuit. And there is no evidence to the contrary. Consequently, we conclude that the evidence is legally and factually sufficient to support the trial court's implied finding that Xie and Li did not have knowledge of Bady's lack of actual authority.

With regard to Badmand's apparent authority argument, the statute's plain language states the circumstances under which an agent of a limited liability company binds the company,

and those circumstances were satisfied here. As a result, we do not need to address the apparent authority argument.

We resolve Badmand's sole issue against it.

## Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

151379F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BADMAND HOLDINGS, LLC, Appellant

No. 05-15-01379-CV     V.

JIMIN XIE AND WEIYAN JEANNE LI, Appellees

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-03683-B.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Jimin Xie and Weiyan Jeanne Li recover their costs of this appeal from appellant Badmand Holdings, LLC.

Judgment entered this 4th day of November, 2016.