

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00269-CV

IN RE OLD REPUBLIC INSURANCE                                                    RELATOR
COMPANY

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 048-281264-15

----------

## MEMORANDUM OPINION[1]

----------

In this workers' compensation case focused on lifetime-income benefits
(LIBs), Relator Old Republic Insurance Company complains of the denial of its
plea to the jurisdiction by Respondent Senior Judge Fred Davis, sitting for the
Honorable David Evans in the 48th District Court of Tarrant County.  Because we
agree that real party in interest Trena Jones has not exhausted her

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

administrative remedies in the Division of Workers' Compensation (DWC), we conditionally grant mandamus relief.

## I. Background and Procedural History

### A. Jones Was Injured on the Job and Collected Supplemental Income Benefits.

In September 2006, Jones sustained multiple, severe injuries in a motor vehicle accident during the course and scope of her employment. An incomplete list of Jones's injuries includes "cervical injuries, bilateral shoulder injuries and an injury to her right hand in the form of a degloving of the pinkie finger." By 2015, Jones had received all the supplemental income benefits she was entitled to receive under the "no ability to work" theory of recovery. *See, e.g.*, *Tex. Mut. Ins. Co. v. Baker*, 292 S.W.3d 798, 806 (Tex. App.—Fort Worth 2009, no pet.) (citing relevant administrative code provisions and discussing the theory).

### B. Jones Attempted to Qualify for LIBs in the DWC.

Jones sought LIBs through the DWC based on the loss of use of both her hands at or above the wrist. The parties did not reach an agreement at a benefit review conference, so on July 1, 2015, a DWC hearing officer[2] held a contested case hearing to decide whether Jones was "entitled to lifetime income benefits (LIBs) from June 10, 2014, through [July 1, 2015], based on the loss of and/or

---

[2]In nonsubstantive changes, the Texas Legislature recently replaced "hearing officer" and "hearings officer" with "administrative law judge" in workers' compensation statutes. *See, e.g.*, Tex. Lab. Code Ann. § 410.204(c) (West Supp. 2017). These nonsubstantive labels do not affect this opinion. We therefore cite the current statutes.

total and perm[ane]nt loss of use of both hands at or above the wrist," *see* Tex. Lab. Code Ann. § 408.161(a)(3), (b) (West 2015). *See generally id.* §§ 410.021–.034, 410.151–.169 (West 2015 & Supp. 2017) (governing benefit review conferences and contested case hearings in workers' compensation matters).

The parties stipulated before the hearing officer that Jones had sustained a compensable injury. The "Discussion" section of the hearing officer's order provides that "[b]ilateral carpal tunnel syndrome, cubital tunnel syndrome, lateral epicondylitis and degenerative arthritis *are not part of the compensable injury or impairment. [Jones's] impairment rating is based upon injuries to the cervical spine, lumbar spine, bilateral shoulders and right little finger . . . ."* [Emphasis added.] The hearing officer found that Jones failed to establish that

- [S]he no longer possesse[d] any substantial utility of both hands at or above the wrist as a member of the body or her condition [was] such that she [could not] get and keep employment requiring the use of such member as a result of her compensable injury from June 10, 2014, through [July 1, 2015; or]

- [S]he ha[d] permanent loss of use of both hands as members of her body as a result of her compensable injury from June 10, 2014, through [July 1, 2015].

Neither party asked the hearing officer to issue a finding on the extent of Jones's compensable injury, and he did not. The hearing officer concluded that Jones was not entitled to LIBs.

Jones appealed the hearing officer's decision to a DWC appeals panel, which did not issue a decision of its own, instead allowing the hearing officer's

3

decision to become final and to become the appeals panel's final decision. *See id.* § 410.204(c).

**C.     Old Republic Filed a Plea to the Jurisdiction in the Trial Court and a Request for an Expedited Benefit Review Conference with the DWC.**

Jones filed suit seeking judicial review of the DWC's denial of her claim. Almost two years later, on August 7, 2017, Old Republic filed a plea to the jurisdiction, contending that Jones had not exhausted her administrative remedies at the DWC because she had not yet obtained an administrative finding defining the "exact nature" and extent of the injuries to her "hands or shoulders." On the same day, Old Republic requested an expedited benefit review conference from the DWC, disputing the compensability of Jones's claim and the extent of her compensable injury.

**D.     Respondent Denied the Plea to the Jurisdiction, and DWC Proceedings Remain Pending.**

Respondent denied Old Republic's plea to the jurisdiction on August 11, 2017, and Old Republic filed its petition for writ of mandamus in this court that same day. Meanwhile, the benefit review conference Old Republic requested was scheduled for August 30, 2017.

## II.     Discussion

**A.     Standard of Review**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no "adequate remedy at law, such as a normal appeal." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding) (quoting

4

*State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding)). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* "[T]o prevent a disruption of the orderly processes of government," mandamus relief is available when a trial court erroneously denies a plea to the jurisdiction based on a party's failure to exhaust administrative remedies in a workers' compensation dispute. *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding); *In re Tex. Mut. Ins. Co.*, 321 S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding [mand. denied]).

## B.     Exhaustion of Remedies

The DWC has exclusive jurisdiction to determine a claimant's entitlement to benefits. *Am. Motorists Ins. Co v. Fodge*, 63 S.W.3d 801, 804–05 (Tex. 2001) (referring to predecessor to DWC); *Tex. Mut. Ins. Co. v. Vasquez*, No. 04-14-00295-CV, 2015 WL 2339777, at *2 (Tex. App.—San Antonio May 13, 2015, no pet.) (mem. op.) (stating same for DWC); *Tex. Mut. Ins. Co.*, 321 S.W.3d at 660. A workers' compensation claimant must therefore exhaust all administrative remedies within the DWC before seeking judicial review. *Tex. Mut. Ins. Co.*, 321 S.W.3d at 661. This requirement "ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction

5

before a court must address those issues." *Id.* This requirement applies to disputes regarding compensability and extent of injury. *Id.*

## C. LIBs

LIBs, which "are permanent income benefits[,] . . . are paid upon the establishment of eligibility . . . until . . . the death of the employee." *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 497 (Tex. 2013). LIB determinations are subject to judicial review but may not be reopened thereafter. *Id.* For the total loss of use of hands to be compensable, the loss of use must have resulted from injury to the hands themselves. *See Dallas Nat'l Ins. Co. v. De La Cruz*, 470 S.W.3d 56, 58 (Tex. 2015); *see also* Tex. Lab. Code Ann. § 408.161(a)(3), (b). The injury can be direct or indirect, but the hands' physical structures must have been damaged or harmed for the injury to be compensable. *See De La Cruz*, 470 S.W.3d at 59; *see also* Tex. Lab. Code Ann. § 408.161(a)(3), (b).

## D. Application

A trial court lacks jurisdiction to consider issues that were not first decided in the administrative process.[3] *See Lopez v. Zenith-Ins. Co.*, 229 S.W.3d 775, 778 (Tex. App.—Eastland 2007, pet. denied) (op. on reh'g). The DWC has not

---

[3]Jones's arguments that Old Republic has waived or should be estopped from raising its subject matter jurisdiction claims fail because subject matter jurisdiction cannot be waived, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993), and estoppel "cannot create subject-matter jurisdiction where it does not otherwise exist." *In re Crawford and Co.*, 458 S.W.3d 920, 928, n.7 (Tex. 2015) (original proceeding).

6

fully resolved the dispute regarding the extent of Jones's compensable injury for LIB purposes; there are no findings defining the extent of her compensable injury for LIB purposes. Therefore, the trial court does not yet have jurisdiction to determine whether Jones is entitled to LIBs because that decision turns on the extent of her compensable injury. We consequently hold that Respondent abused its discretion by denying Old Republic's plea to the jurisdiction. Because the DWC's "orderly processes" would be disrupted by proceedings in the trial court and Old Republic would be inconvenienced by a delayed appellate review, we also hold that appeal would be inadequate in this case, and we conditionally grant mandamus relief. *See In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623–24 (Tex. 2007) (orig. proceeding).

### III. Conclusion

Having held that Respondent abused his discretion and that an appeal in this instance is inadequate, we conditionally grant relief. The benefit review conference Old Republic obtained by disputing Jones's LIB claim regarding the extent and compensability of her injury was set for August 30, 2017. Because the "impediment to [the trial court's] jurisdiction [can] be removed" by letting Old Republic's dispute of Jones's claim proceed through the administrative steps in the DWC, we direct Respondent to vacate his order denying Old Republic's plea to the jurisdiction and to abate the trial court proceedings pending the resolution by the DWC of the extent and compensability of Jones's injury for LIB purposes.

See *Fodge*, 63 S.W.3d at 805. The writ will issue only if Respondent fails to comply.

PER CURIAM

PANEL: PITTMAN, MEIER, and KERR, JJ.

DELIVERED: September 28, 2017

8