**Affirmed; Opinion Filed July 9, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00724-CV

### LORA DENISE ENGLAND, Appellant
### V.
### MATTIE RACHEL CARY, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07234**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

Following a bench trial, the trial court entered judgment in favor of Mattie Rachel Cary, concluding Cary lacked sufficient mental capacity to execute a Special Warranty Deed with Life Estate transferring real property and improvements to Lora Denise England. In a single issue, England argues the evidence is legally and factually insufficient to support the judgment. We affirm the trial court's judgment.

Documents executed by one who lacks sufficient legal or mental capacity may be avoided. *Kinsel v. Lindsey*, 526 S.W.3d 411, 419 (Tex. 2017). A person has the mental capacity to execute documents effectuating the sale of property if she "'appreciated the effect of what she was doing and understood the nature and consequences of her acts and the business she was transacting.'" *Id.* (quoting *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 845 (Tex. 1969)). The proper inquiry is whether the person had capacity on the days she executed the documents at issue. *Id.* Courts

may also look to state of mind at other times if it tends to show one's state of mind on the day a document was executed. *Id*.

Where, as here, the trial is to the bench and the trial court does not make findings of fact and conclusions of law, we imply all facts necessary to support the judgment that are supported by the evidence. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). A challenge to the legal sufficiency of the evidence supporting an adverse finding on an issue for which the appellant did not have the burden of proof requires the appellant to show that no evidence supports the adverse finding. *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam). We will sustain the challenge if there is a complete absence of evidence of a vital fact, we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a scintilla, or the evidence conclusively establishes the opposite of a vital fact. *Dallas Nat'l Ins. Co. v. De La Cruz*, 470 S.W.3d 56, 57–58 (Tex. 2015) (per curiam). In our review, we consider the evidence in the light most favorable to the finding, credit evidence that supports the finding if a reasonable factfinder could do so, and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Id*. at 58. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

We will sustain the factual insufficiency challenge only if our neutral review of the evidence shows that the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Badmand Holdings, LLC v. Jimin Xie*, 05-15-01379-CV, 2016 WL 6835722, at *3 (Tex. App.—Dallas Nov. 4, 2016, no pet.) (mem. op.).

On May 11, 2016, Cary executed a Special Warranty Deed with Life Estate conveying two properties to England. A few months later, Cary filed this lawsuit seeking recovery of the property on the ground she lacked mental capacity when she executed the special warranty deed.

Dr. Daniel B. Pearson, III, a psychiatrist, conducted a psychiatric evaluation of Cary on December 30, 2016, and obtained her medical history. He testified Cary has severe dementia and her condition is progressively declining. The dementia progressed over the preceding four to eight years. He stated the family members who provided her medical history told him that "she began having a great deal of difficulty starting about four years ago." Pearson testified Cary "cannot make complex business decisions," including signing legal documents such as deeds, and has been unable to do so since 2013 or 2015. He did not believe she would have been mentally competent on May 11, 2016 to sign a deed.

Pearson testified Cary did not remember "writing such a deed or anything about such a deed," but she indicated she had no intention of giving away her home. Pearson testified Cary's short-term memory is "very-very poor" and her long-term memory also is "very poor." She does not remember any recent events. Pearson continued: "She couldn't tell me the date. She couldn't say where she was. She couldn't say what the recent events had been." He asked her to perform some exercises as part of diagnostic tools and she performed poorly.

The record includes a Physician's Certificate of Medical Examination completed by Dr. Donald Whitcomb. Whitcomb examined Cary on October 18, 2016. The evaluation states Cary has moderate Alzheimer's disease, which progressed during the preceding 18 months, and there is no possibility for improvement. Cary needs medication and the report recommends she live in a "secured facility for the elderly or a secured nursing facility that specializes in the care and treatment of people with dementia." She struggles with short-term and long-term memory, "understanding and communicating," problem solving, logical reasoning, and understanding

–3–

"abstract aspects of his or her situation." Cary is unable to make complex business, managerial, and financial decisions; manage a bank account; or consent to medical treatment. The report concludes: "Based upon my last examination and observations of [Cary], it is my opinion that [she] is incapacitated according to the legal definition in section 1002.017 of the Texas Estates Code" and Cary "is totally without capacity (1) to care for . . . herself and (2) to manage . . . her property."

Lora England, Cary's granddaughter, testified she prepared the deed and, on May 11, 2016, she discussed the matter with Cary. She stated it had "been her intention all along to give me the houses." Together they went to their family attorney's office where the deed was notarized. The attorney was not in the office that day. England testified the notary asked Cary what she was signing: "And she said that she was under the impression that it was a -- to give me the houses upon her death, and that she loved me, and that I was her granddaughter." England did not recall anything abnormal that day about Cary's behavior. Rather, England testified: "She knew exactly what she was doing. She said so."

Cary's primary caregiver was out of town on May 11, 2016, and England was caring for Cary. England did not discuss the deed with the caregiver and instead had Cary execute the deed while the caregiver was away because "[h]e had been trying to talk her out of it." England was convicted of the felony offense of fraud in Dallas in 2009. She also served jail time in Dallas County, Kaufman County, Oklahoma, and maybe Illinois. Her husband of 20 years, from whom she had been divorced for approximately six weeks at the time of trial, also had a felony record and served time in multiple state and county jails.

The trial court determined Cary lacked sufficient mental capacity to know and understand the nature of her act in signing the deed, declared the property transfer invalid, and entered judgment for Cary. This appeal followed.

The evidence shows Cary suffered from severe dementia on May 11, 2016, and she had for over one year. She was unable to make complex business decisions, including signing legal documents such as deeds, and had been unable to do so since at least 2013 or 2015. She was without capacity to manage her own property. Pearson testified he did not believe Cary was mentally competent to sign the deed on May 11. Although England testified Cary was competent on May 11, the trial court may have disregarded this testimony, particularly in light of England's criminal history and decision to hide the conveyance from Cary's caretaker. *See Wilburn v. Coleman*, No. 05-17-00212-CV, 2018 WL 2434393, at *1 (Tex. App.—Dallas May 30, 2018, no pet. h.) (mem. op.) (In a bench trial, the trial court is the sole judge of the credibility of the witnesses, assigns the weight to be given their testimony, may accept or reject all or any part of their testimony, and resolves any conflicts or inconsistencies in the testimony).

We conclude there is more than a scintilla of evidence to support the trial court's implied findings and the findings are not clearly wrong and unjust. We overrule England's sole issue and affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

170724F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORA DENISE ENGLAND, Appellant

No. 05-17-00724-CV     V.

MATTIE RACHEL CARY, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-07234.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MATTIE RACHEL CARY recover her costs of this appeal from appellant LORA DENISE ENGLAND.

Judgment entered this 9th day of July, 2018.